## MILLER *vs.* LANCASTER.

Where the indorser of a note of more than six years standing, on a demand being made of payment, said he had not been duly notified, and was clear by law; this was holden to be no acknowledgment of the debt, to take it out of the statute of limitations.

It is not within the province of the jury to determine what acts or declarations amount to a new promise.

*Assumpsit* by *Nathaniel J. Miller* as indorsee of a promissory note given in 1807 by *Sewall Lancaster*, to the defendent *Thomas Lancaster* his father, and by him indorsed to *Rebecca Miller*, and by her indorsed to her son, the plaintiff, without recourse to the indorser.

At the trial before *Whitman C. J.* in the court below, upon the general issue, and a plea of the statute of limitations, the plaintiff proved that when the writ was served on the defendant, he at first remarked to the officer that he knew nothing about a note like the one declared on ; but afterwards observed that he did indorse such a note, and supposed it was paid ; and that as he had never been seasonably notified as indorser, he was not bound by law to pay the note, and should not pay it.

The plaintiff also called *Mrs. Miller*, the first indorsee, who testified that some time previous to the date of the note the defendant, who was her uncle, advised her not to loan any more money to his son *Sewall* without security ; that afterwards *Sewall* produced to her the note declared on, with the defendant's name indorsed in blank, on which she advanced the money ; that several years afterwards the defendant told her to get all the money she could from *Sewall*, and at any rate to obtain the interest ; but did not then intimate to her that he was not holden to pay the note. After this, in 1814 or 1815, and not long before the de-

Miller v. Lancaster.

cease of the promissor, she called on the defendant for payment; but he said he was not properly notified, and considered himself clear, and should pay nothing. These facts were known to the plaintiff, at the time he received the note, which was not long before the commencement of the action.

This evidence the counsel for the plaintiff insisted was proper for the consideration of the jury, as proof both of the defendant's liability to pay the debt, and of a waiver of notice, as well as of a design to defraud. But the Judge rejected it as improper to be submitted to the jury, and ordered a nonsuit ; to which the counsel for the plaintiff filed exceptions.

*Fessenden* and *Deblois* for the plaintiff, and *Adams* for the defendant, having submitted the cause without argument ; the opinion of the court was delivered as follows, by

MELLEN C. J. There having been no proof offered at the trial except that which was introduced by the plaintiff, the court had an unquestionable right to order a nonsuit, if on such evidence the action was not by law maintainable ; as the court decided in *Perley v. Little* 3 *Greenl.* 97.

Upon the general issue, there seems to be no proof on which the defendant can be charged. *Mrs. Miller*, the promisee and witness, does not pretend that she ever demanded payment of the promissor, or gave notice to the defendant as indorser. She must have known those facts, if they existed. Seven or eight years after the date of the note, she called on the defendant for payment ; and his reply to her was the same as was afterwards given to the officer who served the writ, viz: that he had never been duly notified as indorser, and was by law exonerated. Neither is there any proof of a waiver of notice.

But if he had been seasonably notified, after demand made on the maker, still the defence is perfect on the statute of limitations. There is not an expression proved on the part of the defendant which can be construed into an acknowledgment of an existing demand against him; nor any thing resembling an acknowledgment ; both witnesses swear the contrary ; they prove that

he denied all liability. In the above mentioned case of *Perley v. Little* we took a general view of the cases on the subject, and stated the principles by which the evidence adduced to prove a new promise must be tested; and to that case we refer for authorities and the reasons of our opinion. In that case there was an ambiguous answer given by *Little* which was relied on as an acknowledgment of the debt; but the court decided otherwise. The present case is a stronger one for the defendant than that was.

The counsel for the plaintiff contend that the evidence which was introduced should have been submitted to the jury for their consideration. There is no ground for this objection. No facts were in dispute; the defendant did not deny the statements made by the witnesses; but only their legal effect; and surely the jury were not authorized to decide that question. In *Lloyd v. Maund* 2 D. & E. 760, it was decided to be the province of the jury to determine what acts or declarations constitute a new promise, or an acknowledgment; but that decision was overruled in *Bicknell v. Keppel* 1 New Rep. 20, and *Mr. Day*, in his notes to the action *Baillie v. Inchiquin* 1 Esp. Rep. 435, says "that in " every other reported case except that of *Lloyd v. Maund*, the " question has been determined by the court." Such has been the principle and the practice in Massachusetts and in this State. On every ground we are very clear that the nonsuit was correctly ordered. Consequently the exception is overruled, and there must be

*Judgment for the defendant.*